**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | CA 05 279T |
| v. | C.A. No. |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC. Defendants. | |

**COMPLAINT**

Introduction

1. This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiffs also seek equitable relief, pursuant to ERISA, 29 U.S.C. 1132(a)(3), in the form of an order of this Court directing Defendants to permit an examination and audit of its records.

Parties and Jurisdiction

2. Plaintiff Teamsters Local 251 Health Services and Insurance Plan ("the Fund") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).



(1)

3. Plaintiff Paul A. MacDonald is the Executive Director of the Fund.

4. Defendant Patriot Hauling Co., Inc. ("Patriot Hauling") is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Johnston, Rhode Island. Defendant has the requisite minimum contacts with the State of Rhode Island.

5. Defendants Patriot Disposal Co., Inc., and Patriot Recycling and Processing, Inc., are corporations organized under the laws of the State of Rhode Island, having their principal places of business in Johnston, Rhode Island. Defendants have the requisite minimum contacts with the State of Rhode Island.

6. Jurisdiction is rested upon ERISA, 29 U.S.C. § 1132(e).

## Facts

7. The Fund was established to provide various types of insurance benefits, including medical, life, and disability, for Teamsters Local 251 members. The Fund is administered by a Board of Trustees consisting of management and union trustees.

8. Insurance benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by

the collective bargaining agreement between Teamsters Local 251 and each employer.

9. The rights and obligations of the Fund and Defendant are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

10. The Trust Agreement provides, in relevant part, that Defendant Patriot Hauling shall submit timely payroll reports of contributions, permit audits of its records when requested by the Trustees, promptly pay contributions, and pay penalties and interest when in default.

11. Defendant Patriot Hauling is a party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreement as aforesaid.

12. All other Defendants are, upon information and belief, alter egos of Defendant Patriot Hauling.

**COUNT I**

13. Plaintiffs hereby incorporate by reference paragraphs 1 through 12 of this Complaint as if set forth herein.

14. Notwithstanding the aforesaid obligations, Defendants have failed to permit an examination and audit of their records by the Trustees.

15. By the aforesaid acts and omissions, Defendants have violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

**Count II**

16. Plaintiffs hereby incorporate by reference paragraphs 1 through 15 of this Complaint as if set forth herein.

17. Notwithstanding the aforesaid obligations, Defendants have:

(a) Failed to make timely contributions to the Fund for the period of January 1, 2002 to the present;

(b) Failed to submit timely payroll reports to the Fund for the period of January 1, 2002 to the present;

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

18. By the aforesaid acts and omissions, Defendants have violated ERISA, 29 U.S.C. § 1132(a)(3) and § 1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(a) Award equitable relief in the form of an Order directing Defendants to permit an examination and audit of their payroll records by Plaintiffs' Trustees, pursuant to 29 U.S.C. § 1132(a)(3);

(b) Award the Fund the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g)(2); and

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., St. C
North Kingstown, RI 02852
Tel. (401) 294-4700
Fax (401) 294-4702

Dated: June 20, 2005