**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC. Defendants. | : | |

**MOTION TO EXTEND DISCOVERY PERIOD**

Now come Plaintiffs, through counsel, and hereby move this Court for an order enlarging the pre-trial factual discovery deadline to **December 15, 2006** and all other deadlines in the pre-trial order an additional sixty days. As reasons therefore, Plaintiffs state as follows:

1. Plaintiffs filed this action seeking enforcement of Defendant Patriot Recycling and Processing's obligations under a collective bargaining agreement ("CBA") with Teamsters Local 251 ("the Union") to (1) allow Plaintiffs to conduct an audit of its records as well as the records of "related companies"[1] Defendants Patriot Hauling and Patriot Disposal and (2) to make contributions to the Fund, an employee benefit plan within the meaning of Sections 3(1) and 3(2) of ERISA, 29 U.S.C. §1002(1)&(2).

[1] "Related companies" are companies which have the same ownership/officers and may share equipment and payrolls.

2. Defendants' counsel has agreed to allow the Fund to review the records of Defendant Patriot Recycling and Processing, but has refused to allow the Fund to review the records of the other Defendants.

3. Plaintiffs allege that the other two companies are alter-egos of Defendant Patriot Recycling and Processing. In order to prove this, Plaintiffs will seek to, *inter alia*, depose some of the employees of Defendant Patriot Recycling and Processing. However, Plaintiffs will not know the identity of these employees until the aforementioned audit is conducted.

4. Plaintiff's auditors have contacted Defendant numerous times in order to set up a date to conduct an audit. An audit was scheduled to occur in September, 2006 but was cancelled by Defendant. Defendant has promised to forward the auditors certain payroll documents but, as of yet, no documents have been received.

5. Plaintiffs submit that the additional sixty (60) days for discovery will provide adequate time to discover the identity of the employees and conduct the necessary depositions or file a motion for summary judgment against Defendant Patriot Recycling.

6. Defendant's counsel has indicated that he has no objection to the extension.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion on October 11, 2006. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Fred J. Volpe
MOSCA AND VOLPE
P.O. Box 444
130 Tower Hill Road
N. Kingstown, R.I. 02852.

/s/ Elizabeth Wiens