**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director,
Plaintiffs,

v. C.A. No. 05-279T

PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC.
Defendants.

**PLAINTIFFS' FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to the Federal Rules of Civil Procedure 34, Plaintiffs hereby submit the following document requests to Defendants Patriot Hauling Co., Inc., Patriot Disposal Co., Inc., and Patriot Recycling and Processing, Inc., said documents to be produced for inspection and copying at the office of Plaintiffs' counsel, Gursky Law Associates, 420 Scrabbletown Rd., Ste. C, North Kingstown, RI 02852, on or before the expiration of the thirtieth (30th) day from the date of this request.

## I. Definitions and Instructions

1. The term "Defendants" and "you" as used herein refers collectively to Patriot Hauling Co., Inc., Patriot Disposal Co., Inc. and Patriot Recycling and Processing, Inc.

2. The term "Plaintiffs" or "Fund" as used herein refers to Teamsters Local 251 Health Services and Insurance Plan, its trustees, Fund Manager and agents, servants, employees, and attorney.

3. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Identify. When referring to documents, "to identify" means to give, to the extent known, the

(a) type of document;

(b) general subject matter;

(c) date of the document; and

(d) author(s), addressee(s), and recipient(s).

5. Parties. The terms "Plaintiffs" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. Person. The term person is defined as any natural person or any business, legal, or governmental entity or association.

7. All documents produced shall be segregated and identified according to the numbered document request to which they are primarily responsive.

8. As to each document requested which is withheld by Defendants under a claim of privilege or other rule protecting against disclosure, Defendants are directed to identify the document as follows:

a) State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

b) Set forth the date of the document;

c) State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document

) Describe the type of document (e.g., memo, letter);

e) Describe the general subject matter of the document;

f) State the name and address of each present custodian of the document;

g) State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

9. As to each document requested which has been destroyed or lost, Defendants are directed to identify and describe same and to state the following:

a) The date the document was prepared and the date upon which it was destroyed or lost;

b) The location of all copies of the document;

c) The names, employment positions and addresses of the authors and/or preparers of the document;

d) The name of the authorized custodian or the other person having responsibility for the loss of the document;

e) If the document was destroyed, the reason for its destruction and the paragraph number of the request to which production of the document would have been responsive.

## II. DOCUMENT REQUESTS

1. Produce any and all documents Defendants relied upon in answering Plaintiffs' First Set of Interrogatories Propounded Upon Defendants, listing which document was used to answer which interrogatory.

2. Produce Defendants' federal and state tax returns including all attachments and schedules from 2002 to date.

3. Produce any and all of Defendants' financial statements, audited or unaudited from the inception of the corporations to date.

4. Produce Defendants' Articles of Incorporation, corporate minutes, bylaws and all filings made with the Secretary of State of Rhode Island from the inception of the corporations to date.

5. Produce Defendants' general ledgers or other records indicating all accounts payable and receivable from the inception of the corporations to date.

6. Produce all documents relating to Interrogatories 7-12 in Plaintiffs' Interrogatories to Defendants.

7. Produce any and all checks or drafts (obverse and reverse) between any Defendant and Plaintiff Fund during the period January 1, 2002 to the present.

8. Produce any and all monthly remittance reports from any Defendant to Plaintiff Fund for the period of January1, 2002 to the present.

9. Produce all documents identifying all vehicles and equipment owned, leased or otherwise used by each of the following companies from the inception of the companies to date

   a. Patriot Hauling Co., Inc.

b. Patriot Disposal Co., Inc.

c. Patriot Recycling and Processing, Inc.

10. Produce any and all contracts or agreements of any sort between Defendants.

11. Produce any and all contracts or agreements of any sort between any Defendant and Plaintiff Fund and/or between any Defendant and Teamsters Local 251.

12. Produce any and all payroll reports, payroll checks, wage records, check stubs, journals, registers, audits, 941 quarterly returns, W-2 forms, tax records, timesheets, notes or other documents indicating wages or hours of members of Teamsters Local 251 for the period January 1, 2002 to the present.

13. Produce any and all payroll reports, payroll checks, wage records, check stubs, journals, registers, audits, 941 quarterly returns, W-2 forms, tax records, timesheets, notes or other documents indicating wages or hours of any and all of Defendants' drivers and warehouse employees not identified in Request 12 for the period of January 1, 2002 to the present.

14. Produce any and all documents supporting your denial of the allegations contained in Paragraphs 12, 14, 15, 17 and 18 of the Complaint indicating which document supports which denial.

15. Produce any and all communications of any sort between any Defendant and Plaintiff Fund and/or any Defendant and Teamsters Local 251 during the period of January 1, 1999 to the present.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

______________________________

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

Certificate of Service

I hereby certify that I caused a copy of the foregoing to be mailed this __ day _________ 2005 by U.S. first-class mail to Fred J. Volpe, MOSCA AND VOLPE, P.O. Box 444, 130 Tower Hill Road, N. Kingstown, R.I. 02852.

___________________________