UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC.<br>Defendants. | : | |

**OBJECTION TO PLAINTIFFS' MOTION TO POSTPONE SETTLEMENT CONFERENCE AND COMPEL COMPLIANCE WITH AN ORDER OF THIS COURT**

Now come Defendants, Patriot Hauling Co., Inc., Patriot Disposal Co., Inc. and Patriot Recycling and Processing, Inc. and object to Plaintiffs' Motion to Postpone Settlement Conference and Compel Compliance with an Order of this Court. As a basis for this Motion, Plaintiffs allege that a second audit of Defendants is necessary to calculate the number of hours of covered work performed by non-union members. Plaintiffs also allege that Defendants have not complied with this Court's December 12, 2006 Order granting Plaintiffs' Motion to Compel Responses to their Requests for Production. These allegations are denied and Defendants further aver that Plaintiffs have had ample opportunity for discovery in this matter and Defendants have complied with all Orders of this Court related to the production of documents and the audit of their records.

The original Scheduling Order in this matter was entered by Judge Torres on May 4, 2006. In that Order, the discovery closure date was set for August 15, 2006. On July 11, 2006,

Plaintiffs filed a motion to extend discovery to October 15, 2006, which motion was granted by the Court on August 3, 2006. On October 11, 2006, Plaintiffs filed another Motion to Extend Discovery, this time until December 15, 2006. The undersigned counsel entered his appearance in this matter on December 11, 2006. On December 14, 2006, the Court granted Plaintiffs' Motion to Extend Discovery to December 15, 2006.

On January 11, 2007, Plaintiffs filed a Motion for Judgment by Default, to which Defendants objected on January 29, 2007. On March 21, 2007, Plaintiffs' Motion for Default was heard by Judge Torres and on March 23, 2007, Judge Torres ordered that Defendants submit to an audit as requested by Plaintiffs to commence by the close of business on Wednesday, April 4, 2007. Plaintiffs performed the audit of Defendants' payroll records, drivers' logs and other documents as requested during the week of April 16, 2007. This audit was performed on behalf of Plaintiffs by Novak Francella, LLC. For some unexplained reason, Plaintiffs did not respond with the results of the audit until ***seven (7) months later*** on November 20, 2007.

At a status conference before Judge Torres on November 27, 2007, Judge Torres extended the discovery deadline to March 31, 2008. This extension was granted to allow Plaintiffs the opportunity to pursue additional discovery in order to determine whether employees working for the three Defendant companies were performing work covered by the collective bargaining agreement between Teamsters Local Union No. 251 and Patriot Recycling and Processing, Inc.

On November 30, 2007, Plaintiffs noticed the deposition of Defendants' owner to be conducted on January 29, 2008. Plaintiffs' counsel then canceled the deposition on or about the schedule deposition date and instead requested payroll records for Patriot Recycling and Processing, Inc. for the years 2002 and 2003 and daily worksheet logs for all three Defendant

companies for the period January 1, 2002 through the present. During the early part of February 2008, Defendants' counsel contacted counsel for Plaintiffs and advised her that while the payroll records Plaintiffs sought for Patriot Recycling and Processing, Inc. did not exist, the daily worksheet logs Plaintiffs requested for many of the years in question were at Defendants' counsel's office for her to review and that Plaintiffs were endeavoring to get copies of other records placed on computer disks as those records were being reviewed at the time by certain other governmental entities. Plaintiffs' counsel never made arrangements to come review the records in question.

Plaintiffs eventually scheduled a Rule 30(b)(6) deposition of Defendants on March 26, 2008. Apparently, as a result of this deposition, Plaintiffs wish again to extend discovery and cancel the April 2, 2008 settlement conference in this matter.

Based upon the above events, Defendants object to Plaintiffs' Motion to Extend Discovery. Plaintiffs' auditor reviewed all of the payroll records for all three Defendant companies in April 2007. Certainly the auditor was aware that Plaintiffs were making an alter ego allegation against the three Defendant companies, and as a result, would have sought information during that audit regarding the hours worked by employees alleged to be covered by the collective bargaining agreement in question. Why it took the auditor and Plaintiffs seven (7) months to respond with the results of the audit is a mystery, but the Court granted an additional extension of the discovery deadline to March 31, 2008 in order to allow Plaintiffs the time to work out any discrepancies between the audit and their theory of recovery in this case. The Rule 30(b)(6) deposition in this matter was not scheduled until five (5) days before the discovery deadline and in reality left Plaintiffs only three (3) business days from the 30(b)(6) deposition until the discovery deadline to conduct whatever follow up discovery would be necessary.

To use as the justification for the extension of discovery that Defendants did not comply with the Motion to Compel Production of Documents and Other Information should also be rejected. Defendants were subject to an audit by Plaintiffs' auditor by order of this Court and the auditor had the opportunity to review all of the payroll records that existed for the three Defendant companies during the period covered by the Complaint in this matter. Plaintiffs' counsel had an opportunity to look at this information as well, but instead chose to rely on the work of the auditor. There is simply no basis to order an extension of discovery based upon Defendants' actions in this matter since Defendants have complied with all Orders of this Court and even the requests of Plaintiffs' counsel to gather information, which Plaintiffs then decided, for whatever reason, not to review.

Given the issues raised by Defendants in this matter, particularly whether the collective bargaining agreement in question can even apply to the Defendants that are non-signatory to the agreement, discovery in this matter should be closed and the settlement conference scheduled for April 2, 2008 should proceed.

Dated: Providence, Rhode Island
March 31, 2008

Defendants,
PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC. and PATRIOT RECYLING AND PROCESSING, INC.
By their attorneys,

*/s/ Robert P. Brooks*

ROBERT P. BROOKS (#3721)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
rbrooks@apslaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on this 31st day of March, 2008, I did send a true copy of the within Objection to Plaintiffs' Motion to Continue Settlement Conference and Compel Compliance with Order of Court by electronic means (ECF) to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

*/s/ Robert P. Brooks*

*449790_1.doc*