**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director,<br>Plaintiffs, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC.<br>Defendants. | : | |

**PLAINTIFFS' MOTION FOR DEFAULT**

Now come Plaintiffs, through counsel, and hereby move this Court for judgment of default, pursuant to Fed. R. Civ. P. 37(b)(2)(C), due to Defendants' failure to comply with an Order of this Court. Plaintiffs' counsel asserts that she has made a good-faith effort to obtain compliance with the Court's Order.

In support of this Motion, Plaintiffs offer the accompanying Memorandum of Law.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion on March 31, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Robert P. Brooks
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903

/s/ Elizabeth Wiens

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC. Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT**

Now come Plaintiffs, through counsel, and hereby request that this Court enter Default against Defendants on all counts due to their failure to comply with an Order of this Court.

**FACTS**

Defendant Patriot Recycling and Teamsters Local 251 are parties to a collective bargaining agreement ("CBA") which requires Patriot Recycling to make contributions to Teamsters Local 251 Health Services and Insurance Plan on behalf of all employees performing covered work. Patriot Hauling is, upon information and belief, an alter-ego of Patriot Recycling or, in the alternative, the two companies constitute a single employer.

Plaintiffs Local 251 Health Services and Insurance Plan ("the Fund") and its Executive Director filed this Complaint on June 27, 2005 seeking to compel an audit of

Defendants' records and collect any resulting delinquent contributions. On May 22, 2006, Plaintiffs propounded their First Set of Interrogatories and First Request for Production of Documents to Defendants. Plaintiffs' First Request for Production of Documents, no. 13, requested "all payroll reports… or other documents indicating wages or hours of any and all of Defendants' drivers and warehouse employees." The Request for Production provided that the documents were to be "produced for inspection and copying at the office of Plaintiffs' counsel, Gursky Law Associates, 420 Scrabbletown Rd., Ste. C, North Kingstown, RI 02852, on or before the expiration of the thirtieth (30th) day from the date of this request."

Plaintiffs received no discovery responses. On October 11, 2006, after consulting in good faith with Defendants' counsel, Plaintiffs filed Motions to Compel Answers to Interrogatories and Responses to their Request for Production of Documents. The Motions were granted "rule of court" on December 12, 2006. On January 11, 2007, Plaintiffs filed a Motion for Default Judgment due to Defendants failure to comply with the Court's December 12, 2006 Orders. A hearing on Plaintiffs' Motion for Default was held on March 21, 2007. The Court treated the Motion for Default Judgment as a Motion to Compel Audit and granted the Motion.

On the day of the hearing, Defendants provided Supplemental Responses to Plaintiffs' Request for Production of Documents. With respect to Request No. 13, Defendants responded, "[w]ith regard to Defendants, Patriot Hauling Co., Inc. … Defendants shall permit Plaintiffs to inspect and copy records responsive to Request No. 13, which will be made available for inspection at Defendants' offices."

In or about April 2007, Novak Francella, certified public accountants retained by the Fund, conducted an audit of Defendants' payroll records. However, the auditor reviewed only the payroll records for members of Local 251. The audit report provides that Patriot Hauling owes contributions to the Funds in the amount of $25,491.51.

On November 27, 2007, Judge Torres conducted a status conference. The parties' attorneys informed Judge Torres that they would be amenable to a settlement conference. However, Plaintiffs' attorney indicated that a settlement conference would not be productive until after she conducts the deposition of Defendants' owner. A Settlement Conference was scheduled for April 2, 2008.

On November 29, 2007, Plaintiffs' attorney sent a letter to Attorney Brooks requesting certain documents that should have been, but were not, produced in accordance with the Court's December 12, 2006 Orders. Plaintiffs' counsel also left a phone message. She received no response.

On November 30, 2007, Plaintiffs noticed the deposition of Joseph Vinagro, Defendants' owner, for January 29, 2008. On January 28, 2008, Plaintiffs' attorney left a message with Attorney Brooks that she had not received a response to her letter of November 29, 2007 and, because she had not yet received the required documents, she would postpone the deposition. The next day, Plaintiffs' attorney forwarded, via facsimile and first-class mail, another letter to Attorney Brooks requesting documents due pursuant to the Court's December 12, 2006 Order "so that [she] might reschedule Joseph Vinagro's deposition." Again, she received no response. On February 7, 2008, Plaintiffs' attorney sent another letter to Attorney Brooks requesting the same documents and indicating that, if he failed to respond within seven days, she would file a Motion for

Default with the Court. This time, Attorney Brooks contacted Plaintiffs' counsel and informed her that certain documents did not exist, but there were several boxes of responsive documents and Plaintiffs' counsel was free to set up a time to review them at his office.

On March 13, 2008, Plaintiffs again noticed the deposition of Joseph Vinagro (in the form of a 30(b)(6) notice). The notice required Mr. Vinagro to bring with him, "any documents responsive to Plaintiffs' Request for Production of Documents that have not been provided to Plaintiffs." Mr. Vinagro brought no documents with him to the deposition, held on March 26, 2008.

During the deposition, Mr. Vinagro testified that Patriot Hauling performs the covered work previously performed by members of Local 251 for Patriot Recycling. He also testified that Patriot Hauling and Patriot Recycling are basically one company.

Based on Mr. Vinagro's testimony, it became clear that employees of Patriot Hauling were performing "covered work" within the meaning of the collective bargaining agreement. However, a comparison of the audit report with Patriot Hauling's 2006 Drivers' Logs revealed that the auditor did not determine the hours worked by non-union members. Rather, the delinquent contributions reflected in the audit report reflected hours worked for Patriot Hauling by members of Local 251 only.

On March 31, 2008, Plaintiffs' attorney spoke with Attorney Brooks, and also corresponded with him via electronic mail, in an attempt to determine when, and whether, he would produce Patriot Hauling's payroll records so that Plaintiffs could determine their damages. Attorney Brooks informed Attorney Wiens that it is Defendants' position

that the documents were already produced in April, 2006 when they were made available to the auditor pursuant to an Order of this Court. Plaintiffs then filed the instant Motion.

**ARGUMENT**

Defendants have failed to produce pertinent documents pursuant to an Order of this Court. As discussed above, Plaintiffs' Request for Production of Documents sought, *inter alia*, Patriot Hauling's payroll records. The Court ordered Defendants to produce those documents "for inspection and copying at the offices of … Gursky Law Associates" when it granted Plaintiffs' Motion to Compel. The documents were never produced in accordance with the Order. See Jayne H. Lee, Inc. v Flagstaff Indus. Corp.,173 FRD 651 (DC Md 1997) (response to request for production of documents which merely promises to produce requested documents at some unidentified time in future, without offering specific time, place and manner, is not complete answer as required by FRCP 34(b), and therefore, pursuant to FRCP 37(a)(3) is treated as failure to answer or respond).

Defendants provided the auditor with access to some of their records pursuant to a separate Court Order of March 21, 2007. However, that compliance does not constitute production within the meaning of Rule 34 of the Federal Rules of Civil Procedure. If it did, Defendants would not have forwarded hundreds of pages of Patriot Recycling payroll records and other documents to Plaintiffs.

Further, it would be inequitable to deny Plaintiffs access to pertinent records merely because they (or their auditor) reviewed some documents on a previous occasion. This is especially true given that it was not until after the deposition of Joseph Vinagro on March 26, 2008 that it became clear that non-union drivers were performing covered

work. At the time the first audit was conducted, Plaintiffs believed that two or three Union drivers were performing covered work for Patriot Recycling, as they had in 2003-2004, but that Defendants listed them on Patriot Hauling's payroll records in order to avoid paying contributions to the Fund. After the deposition, it became clear that Patriot Recycling may have utilized non-union members *in addition to members of Local 251,* to perform covered work. If the payroll records were delivered to Gursky Law Associates in December 2006, as required by the Court's Order, Plaintiffs could have already reviewed the documents and calculated their damages. Instead, they are forced to file yet another Motion for Default with this Court.

For the foregoing reasons, Plaintiffs request that this Court order Defendants to produce Patriot Hauling's payroll records for the period of September 1, 2003 through December 31, 2006 and Drivers' Logs for the period of September 1, 2003 through December 31, 2005 <u>within seven days of hearing on this matter</u>. If Defendants fail or refuse to produce said records within the requested time period, Plaintiffs request that this Court enter an Order finding that each one of Patriot Hauling's drivers were engaged in covered work under the contract for forty hours per week from the period of August 2004 to the present. See Fed. R. Civ. Pro. 37(b)(2)(A) and (B) (if a party fails to obey an order to provide discovery, the court may make an order "that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order" or "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introduction designated matters in evidence.").

Respectfully submitted,
On behalf of Plaintiffs,
By their attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion on March 31, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Robert P. Brooks, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

/s/ Elizabeth Wiens