UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC.<br>Defendants. | : | |

**OBJECTION TO PLAINTIFFS' MOTION FOR DEFAULT**

Now comes Defendants, Patriot Hauling Co., Inc., Patriot Disposal Co., Inc. and Patriot Recycling and Processing, Inc. to object to Plaintiffs' Motion for Default filed with the Court on March 31, 2008. Defendants' Objection is supported by the Memorandum filed contemporaneously herewith.

Dated: Providence, Rhode Island
April 17, 2008

Defendants,
PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC. and PATRIOT RECYLING AND PROCESSING, INC.
By their attorneys,

*/s/ Robert P. Brooks*

ROBERT P. BROOKS (#3721)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
rbrooks@apslaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on this 17th day of April, 2008, I did send a true copy of the within Objection to Plaintiffs' Motion for Default by electronic means (ECF) to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

*/s/ Robert P. Brooks*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD Plaintiff, | : | |
| v. | : | C.A. No. 05-279T |
| PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC., and PATRIOT RECYCLING AND PROCESSING, INC. Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFEDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR DEFAULT**

Plaintiffs, Teamsters Local 251 Health Services and Insurance Plan and Paul A. McDonald, in his capacity as Executive Director, have moved this Court for default for Defendants' alleged failure to comply with an Order of this Court. For all the reasons set forth below, Defendants, Patriot Hauling Co., Inc. ("Patriot Hauling"), Patriot Disposal Co., Inc. ("Patriot Disposal") and Patriot Recycling and Processing, Inc. ("Patriot Recycling") object to Plaintiffs' Motion for Default since Defendants have not failed to comply with an Order of this Court.

## I. FACTUAL BACKGROUND

While there is no reason to reiterate all of the facts as alleged by Plaintiffs in their Memorandum of Law in Support of Motion for Default, there are certain facts Plaintiffs have alleged that are simply untrue. This factual background is intended to address those issues in order that the Court may properly rule on Plaintiffs' Motion.

It is acknowledged that on May 22, 2006 that Plaintiffs propounded their First Set of Interrogatories and First Request for Production of Documents to Defendants. It is also acknowledged that after Plaintiffs' counsel filed Motions to Compel Answers to the Interrogatories and Responses to the Request for Production of Documents, those Motions were granted rule of Court on December 12, 2006. As the Court is aware, however, the undersigned counsel did not enter their appearance in this matter until December 11, 2006.

It is also acknowledged that on January 11, 2007, Plaintiffs filed a Motion for Default Judgment due to Defendants' failure to comply with the Court's December 12, 2006 Order. As noted in Plaintiffs' Memorandum on its Motion for Default, that Motion was heard on March 21, 2007, at which time the Court treated the Motion for Default Judgment as a Motion to Compel Audit and granted that Motion. It is also acknowledged that Defendants' Supplemental Response to Plaintiffs' First Request for Production of Documents, which was served on Plaintiffs the day before the March 21, 2007 hearing, provided a supplemental response to Request No. 13 that indicated to Plaintiffs that Defendants would produce by way of inspection "any and all payroll reports, payroll checks, wage records, check stubs, journals, registers, audits, 941 quarterly returns, W-2 forms, tax records, timesheets, notes or other documents indicating wages or hours of any and all Defendants' drivers and warehouse employees not identified in request 12 for the period of January 1, 2002 to the present." Request No. 12 asked for the same records regarding members of Teamsters Local 251. The Court's March 21, 2007 Order that Defendants submit to an audit by Plaintiffs apparently obviated the need for Plaintiffs to request an inspection as offered in Defendants' Supplemental Response to Request No. 13 since all of the records requested in Request No. 13 would be provided to the Plaintiffs' auditors and Plaintiffs never requested the inspection as offered.

On March 27, 2007, Patricia C. Baker of Novak Francella, LLC, Certified Public Accountants, forwarded a letter to the undersigned providing a list of documents and records that she required be available for an audit to be conducted on April 16, 2007 at 9:00 a.m. The list of records Ms. Baker requested were as follows:

> Requested records for the period January 1, 2002 through present date as follows:
>
> 1. Quarterly Unemployment Compensation Tax Returns.
> 2. Federal 941 Quarterly Payroll Tax Returns.
> 3. Annual W-2s and W-3.
> 4. Annual 10999s and the 1096.
> 5. Drivers Logs.
> 6. Employees' individual earnings records detailing hours paid; if not available in that form, some record detailing hours paid per employee should be made available.
> 7. Copies of monthly contribution reports to all fringe benefit funds to which you contribute.
> 8. Cash disbursement journals and/or Check Register/Check Book.

In response to Request No. 6 in Ms. Baker's letter, Defendants provided payroll records for all three of Defendant companies. During the audit, Ms. Baker requested additional information from Defendants through the undersigned, and those records were provided as well. Ms. Baker completed her review in either two or three days' time and the requested records were returned to Defendants.

To the extent that Plaintiffs imply that at the top of page 5 of their Memorandum that Defendants did not comply with the Court's Order, or did not provide the payroll records for all three Defendant companies for the period requested, that allegation is denied. If the auditor only reviewed the payroll records for members of Teamsters Local 251 as Plaintiffs assert, Defendants cannot answer why that occurred, but it was certainly not the result of Defendants' failure to comply with the Court's Order.

For some unexplained reason, Plaintiffs did not respond with the results of the audit until ***seven (7) months later*** on November 20, 2007.

It is acknowledged that on November 27, 2007, Judge Torres conducted a status conference and that he ordered a settlement conference for April 2, 2008 to allow Plaintiffs' attorney to depose Defendants' owner. It is also acknowledged that on November 29, 2007, Plaintiffs' attorney wrote a letter to the undersigned about payroll records, but the payroll records in question were for Patriot Recycling for the period 2002 and 2003, not payroll records for Patriot Hauling, which are the records in dispute here. Plaintiffs' counsel requested payroll records for Patriot Recycling for the years 2002 and 2003, but no such records exist. Patriot Recycling did not begin keeping a payroll until 2004 to the date of the audit and records from 2004 on were provided to Plaintiffs' auditor in April 2007.

It is acknowledged that correspondence and telephone calls were exchanged between counsel in January and early February 2008 regarding the records requested by Plaintiffs' counsel on January 29, 2008. Plaintiffs' counsel had requested the same Patriot Recycling payroll records for the years 2002 and 2003, as well as daily worksheet logs for all three companies for the period January 1, 2002 through the present. In the early part of February 2008, Plaintiffs and Defendants' counsel conversed by phone regarding the fact that the requested payroll records for Patriot Recycling did not exist, that the daily worksheet logs Plaintiffs requested for many of the years in question were at the office of counsel for Defendants available for review and that Defendants were endeavoring to get copies of other records placed on computer disks as those records were being reviewed by certain other governmental entities. Plaintiffs' counsel never made arrangements to come review the records in question.

As the Court is aware, discovery was extended by Order of the Court on November 27, 2007 to March 31, 2008. For whatever reason, Plaintiffs' counsel did not schedule a deposition until March 26, 2008, this time in the form of a 30(b)(6) deposition. Defendants' owner appeared at that deposition to respond to the areas of inquiry detailed in the deposition notice. While the notice did state at the end that the deponent should bring "any documents responsive to Plaintiffs' request for production of documents that have not been provided to Plaintiffs," Defendants' owner did not bring any documents with him to the deposition as it is Defendants' position that there are no documents responsive to Plaintiffs' request for production of documents that were not provided to Plaintiffs.

Contrary to Plaintiffs' assertion, Defendants' owner, Joseph Vinagro, did not testify that Patriot Hauling performs the work covered by Patriot Recycling's agreement with Teamsters Local 251, nor is it clear from his deposition testimony that Patriot Hauling was performing "covered work" within the meaning of that agreement. In fact, as will be more fully set forth below, given the nature of Patriot Hauling's business, its employees cannot perform work covered by the collective bargaining agreement in question since that agreement covers employee drivers employed in the construction industry in heavy and highway construction, and Patriot Hauling's drivers are not employed performing construction work. Under the circumstances, the collective bargaining agreement in question cannot cover Patriot Hauling's employees (or the employees of Patriot Disposal) because it would be unlawful to apply the collective bargaining agreement in question to employees not employed in the construction industry.

On March 31, 2008, counsel for both parties did confer about Patriot Hauling's payroll records. Plaintiffs' counsel wrote to Defendants' counsel as follows: "Please advise by 4:00

p.m. whether you intend to provide Patriot Hauling payroll records to me in accordance with the Court's Order." The undersigned counsel responded "Patriot Hauling's payroll records were provided in response to the Court's Order. The records were provided to Plaintiffs' agent during the Court ordered audit of all three Defendants in April 2007."

## II. ARGUMENT

### 1. Defendants Have Complied With The Court's Order To Provide Records In Response To Plaintiffs' Request For Production Of Documents.

Despite Plaintiffs' arguments to the contrary, Defendants have responded to the Court's Order to provide documents in response to Plaintiffs' Motion to Compel. The documents requested in response to Request Nos. 12 and 13 of Plaintiffs' Request for Production were voluminous in nature, which was the reason why Plaintiffs were offered the opportunity to inspect those records at Defendants' business offices in Cranston, Rhode Island. Plaintiffs have never, to this day, requested an opportunity to inspect those records. In addition, when Judge Torres considered Plaintiffs' Motion for Default on March 21, 2007, he treated that Motion for Default Judgment as a motion to compel Defendants to submit to an audit, and Defendants responded to the auditor's request for documents by providing the very payroll records that Plaintiffs now claim were not produced. Plaintiffs scheduled the 30(b)(6) deposition at which Defendants' owner appeared for March 26, 2008, only five (5) days prior to the discovery deadline. Even though Mr. Vinagro did not testify as Plaintiffs allege, Plaintiffs only left themselves three (3) business days from the 30(b)(6) deposition until the discovery deadline to conduct whatever follow up discovery would be necessary. It was only after Judge Almond would not agree to consider Plaintiffs' request to extend discovery as part of their motion to postpone the settlement conference and compel compliance with an order of this Court that Plaintiffs now seek to default Defendants in this matter.

Count I of Plaintiffs' Complaint sought an audit of Defendants' records. The Court ordered that audit and it occurred in April 2007. Defendants should not be defaulted in this matter because Plaintiffs' auditor took seven (7) months to respond with the audit results, and Plaintiffs then waited until five (5) days before the end of discovery to conduct Defendants' owner's deposition, and then demand that records that had already been produced be produced once again after Magistrate Judge Almond refused to extend discovery in response to a motion to postpone a settlement conference. There is simply no justification for defaulting Defendants in this matter and Plaintiffs' Motion for Default should be denied.

**2. Patriot Hauling's Drivers Were Not Engaged In Covered Work Under The Collective Bargaining Agreement In Question And Therefore Plaintiffs' Request That The Court So Find Must Be Rejected.**

Plaintiffs have requested that if Patriot Hauling's payroll records for the period of September 1, 2003 through December 31, 2006 and driver logs for the period September 1, 2003 through December 31, 2005 are not produced within seven (7) days of the hearing on this matter that this Court find that each of Patriot Hauling's drivers were engaged in covered work under the collective bargaining agreement in question for forty (40) hours per week from the period August 2004 to the present. Because Patriot Hauling's drivers were not performing covered work, the requested order must be denied.

The collective bargaining agreement in question between Patriot Recycling and Teamsters Local Union No. 251 is called the "Rental Agreement." A copy of this agreement is attached hereto as **Exhibit 1**. The Rental Agreement allows general contractors in highway and heavy construction to engage employers as subcontractors to provide trucks of all description for the performance of construction work. Article II of the Rental Agreement states that it applies to all highway and heavy construction performed by the signatory employer. The rest of Article II

describes the scope of work performed under the Rental Agreement, including the transportation of all building and excavating materials and equipment.

On its face, the Rental Agreement is a lawful pre-hire agreement allowed in the construction industry. Under Section 8(f) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(f), an employer engaged in construction and a union that represents employees in the construction industry can enter into a pre-hire agreement that requires the employer to employ union members even though there is no evidence that the union is backed by a majority of the relevant bargaining unit's employees under Section 9(a) of the Act, 29 U.S.C. § 159(a). The Rental Agreement applies to employers providing trucking services in heavy and highway construction, and requires consistent with Section 8(f) of the Act that employees become members of the union within seven days of hire. While a seven-day union security clause is allowed under Section 8(f) in the construction industry, such a provision is unlawful as applied to non-construction employers and is in violation of Section 8(a)(3) of the Act, 29 U.S.C. § 158(a)(3). Without conceding whether Patriot Recycling is an employer engaged in construction thus making the Rental Agreement a lawful pre-hire agreement as to that company, Patriot Hauling is not an employer engaged in construction.

Mr. Vinagro testified at his deposition that Patriot Hauling does transport material, such as stone, crushed concrete and gravel, to road construction jobs, most times material that Patriot Hauling is selling for use for that purpose. The National Labor Relations Board has held that the transportation of materials, such as sand and gravel and asphalt does not qualify as being "in the building and construction industry" within the meaning of Section 8(f). *Four City/Dillon-Tecon,*

209 NLRB 867, 870-872 (1974). *See, also, J.P. Sturrus Corp.*, 288 NLRB 668 (1988) and *St. John Trucking,* 303 NLRB 723 (1991).[1]

Because Patriot Hauling drivers are not employed in the construction industry, the Rental Agreement cannot apply to them and thus any hours which drivers were working for Patriot Hauling cannot form the basis of an obligation by Patriot Hauling to make contributions to Plaintiffs' Fund.

Under the circumstances, Patriot Hauling has no obligation to make contributions to the Fund as required by Section 515, ERISA, 29 U.S.C. § 1145, since it is not an "employer" obligated to make contributions to the fund. *See Mo-Kan Ironworkers' Pension Fund, et al. v. Challenger Fence Co., Inc.,* 426 F. Supp.2d 1001 (W.D. Mo. 2006).

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default should be denied. Defendants have complied with this Court's Orders and provided the payroll the documents in question in response to this Court's Order that Defendants submit to an audit by Plaintiffs' Funds. Further, Patriot Hauling employees are not employed performing work covered by the Rental Agreement, and thus an order requiring that it pay contributions to the Fund for hours worked by its drivers must also be denied as well.

---

[1] The propriety of including drivers in bargaining units on a pre-hire basis under Section 8(f) of the Act has been the subject of two recent general counsel advice memoranda of the National Labor Relations Board. *See Advice Memorandum In Teamsters Local 325, et al. (Chicagoland Dump Truck Haulers Assn.)*, Case 13-CB-16996; and *Todesca Corp.*, Case 1-CA-32469, copies attached for the Court's convenience as **Exhibit 2**.

Dated: Providence, Rhode Island
April 17, 2008

Defendants,
PATRIOT HAULING CO., INC., PATRIOT DISPOSAL CO., INC. and PATRIOT RECYLING AND PROCESSING, INC.
By their attorneys,

*/s/ Robert P. Brooks*

ROBERT P. BROOKS (#3721)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
rbrooks@apslaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on this 17th day of April, 2008, I did send a true copy of the within Memorandum in Support of Defendants' Objection to Plaintiffs' Motion for Default by electronic means (ECF) to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

*/s/ Robert P. Brooks*